UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARGARET ANN JOHNSSON, ) | Appeal from the U.S. Bankruptcy |
| ) | Court for the Northern District of |
| Appellant, ) | Illinois, Chapter 7 |
| ) | Case No. 11-B-38307 |
| v. ) | |
| ) | Judge Timothy A. Barnes presiding |
| CATHERINE L. STEEGE, ) | |
| ) | |
| Appellee. ) | |
| ) | Case No. 16-cv-1507 |
| ) | |
| ) | Judge John W. Darrah |

## MEMORANDUM OPINION AND ORDER

Appellant Margaret Ann Johnsson filed a *pro se* appeal of the Bankruptcy Court's January 13, 2016 and January 26, 2016 Orders, which denied Appellant's "Motion *in Limine*" and her Motion to Change Venue. For the reasons discussed below, the Bankruptcy Appeal [1] is dismissed for lack of jurisdiction.

## BACKGROUND

Catherine L. Steege filed an Adversary Complaint in Appellant's Chapter 7 Bankruptcy proceeding on February 17, 2014. Appellant filed a document titled "Motion *In Limine*" on January 8, 2016. That motion was determined, by the bankruptcy court, to be a motion to dismiss, and was denied on January 13, 2016. The motion was again denied, verbally, by the bankruptcy court on January 26, 2016. Appellant also filed a Motion to Change Venue on January 25, 2016, which was also denied on January 26, 2016. Appellant filed a Notice of Appeal on January 26, 2016.

## LEGAL STANDARD

*Pro se* filings "must be construed liberally." *In re Schultz Mfg. & Fabricating Co., Inc.*, 110 B.R. 384, 388 (N.D. Ind. 1990) (citing *Haines v. Kerner*, 404 U.S. 519, 520-521 (1972)). The bankruptcy court's determinations of law are reviewed *de novo*, while its findings of fact are reviewed for clear error. *Wiese v. Cmty. Bank of Cent. Wis.*, 552 F.3d 584, 588 (7th Cir. 2009).

## ANALYSIS

Federal courts are required to determine whether they have jurisdiction, even when no party has raised a jurisdictional issue. *Hay v. Indiana State Bd. of Tax Comm'rs*, 312 F.3d 876, 879 (7th Cir. 2002) (citing *Ruhrgas v. Marathon Oil Co.*, 526 U.S. 574, 577 (1999)). "In general, the district court has jurisdiction to hear appeals only from final judgments, orders, and decrees of bankruptcy courts." *In re Vlasek*, 325 F.3d 955, 960 (7th Cir. 2003) (citing 28 U.S.C. § 158(a)). Assuming that Appellant's motion was a motion *in limine*, the bankruptcy court's denial of that motion would not be a final judgment, order, or decree. *See CDX Liquidating Trust ex rel. CDX Liquidating Tr. v. Venrock Associates*, 411 B.R. 591, 597 (N.D. Ill. 2009) ("A [motion *in limine*] ruling is not necessarily final."). Assuming that the bankruptcy court correctly interpreted the motion as a motion to dismiss, a "bankruptcy court's denial of a motion to dismiss typically is not a final order. . . ." *Kelly v. Herrell*, 602 F. App'x 642, 647 (7th Cir. 2015). Neither is the denial of a Motion to Change Venue a final, appealable order. *In re Peachtree Lane Associates, Ltd.*, 188 B.R. 815, 822 (N.D. Ill. 1995) (identifying a ruling on venue as an interlocutory decision addressable when party challenged the final judgment). Because the denials of Appellant's motions were not final, appealable orders, this Court has no jurisdiction over the appeal.

## CONCLUSION

For the foregoing reasons, the Bankruptcy Appeal [1] is dismissed for lack of jurisdiction.

Date: February 3, 2016  /s/ JOHN W. DARRAH
JOHN W. DARRAH
United States District Court Judge